**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-4524
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOHN RYAN ZAJAC,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:25-cr-00005-GMG-RWT-1)

_____

Submitted:  June 18, 2026                    Decided:  June 23, 2026

_____

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kyle Robert Kane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Ryan Zajac pled guilty, without a plea agreement, to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 135 months in prison. On appeal, counsel for Zajac has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but asking that we review the record for possible errors. Zajac has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

Because Zajac did not seek to withdraw his guilty plea and did not contemporaneously object to the sufficiency of the Fed. R. Crim. P. 11 hearing, we review the adequacy of the Rule 11 hearing for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted); *see King*, 91 F.4th at 760.

For instance, before accepting a guilty plea, the court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2),

2

and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). We have reviewed the transcript of Zajac's Rule 11 hearing and conclude that the magistrate judge—to whose jurisdiction Zajac consented, *see* 28 U.S.C. § 636(c)—committed no error in accepting Zajac's guilty plea, which was knowing and voluntary.

Next, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.*

We conclude that the district court correctly calculated Zajac's Guidelines range. The district court also afforded Zajac an opportunity to allocute; listened to the parties' arguments regarding an appropriate sentence, including Zajac's request for a downward variant sentence; and thoroughly explained the imposed sentence. Further, nothing in the

3

record rebuts the presumption of substantive reasonableness afforded to Zajac's within-Guidelines sentence.

Finally, we observe that the special conditions of supervised release contained in the written judgment are consistent with the district court's oral pronouncement of the sentence. That is, each special condition imposed in the judgment was explicitly announced by the district court judge at the sentencing hearing, to no objections. *See United States v. Rogers*, 961 F.3d 291, 296-97 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Zajac, in writing, of the right to petition the Supreme Court of the United States for further review. If Zajac requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Zajac.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*